**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| STRATOSAUDIO, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. _6:20-cv-1128_ |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SUBARU OF AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff StratosAudio, Inc. ("Plaintiff" or "StratosAudio") makes the following actions against Defendant Subaru of America, Inc. ("Defendant" or "Subaru"):

## INTRODUCTION

1.      This complaint arises from Defendant's unlawful infringement of the following U.S. Patents owned by StratosAudio, Inc.:  U.S. Patent No. 8,166,081; U.S. Patent No. 8,688,028; U.S. Patent No. 8,903,307; U.S. Patent No. 9,584,843; and U.S. Patent No. 8,200,203, U.S. Patent No. 9,294,806; and U.S. Patent No. 9,355,405 (collectively the "Asserted Patents").

## PARTIES

2.      StratosAudio is a privately held company incorporated under the laws of Delaware. StratosAudio was founded in 2001 and is headquartered in Kirkland Washington.

3.      StratosAudio is a pioneer in the field of media enhancement systems, especially as it relates to interactive advertising, programming and other data manipulation that enables the

1

identification of broadcast media content using data transmitted in an associated datastream, the combination of such streams used in personalized media distribution, with widely applicable adaptation in commercial media and entertainment systems including vehicle head unit consoles.

4.      Based on years of research and development, StratosAudio has created an international patent portfolio comprising more than seventy (70) issued patents broadly directed to media enhancement systems.

5.      StratosAudio has, over the years, invested millions of dollars innovating and creating audio media enhancement systems of the type described in StratosAudio's patents.

6.      StratosAudio is partly owned by an individual located in this judicial district in Temple, Texas.  This individual is also a named inventor on a number of the asserted patents.

7.      Subaru of America, Inc. is a New Jersey corporation with its principal place of business in Camden, New Jersey.  Subaru may be served through its registered agent for service in the State of Texas, C T Corporation Systems, 1999 Bryan Street, Suite 900, Dallas,  TX 75201.  Subaru is registered to do business in the State of Texas and has been since at least January 3, 1992.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendant because, among other things, Defendant has done business in this District, and has committed and continues to commit acts of patent infringement in this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional

notions of fair play and substantial justice.  Defendant, directly and indirectly through subsidiaries and intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, selling, offering to sell, and importing products that infringe the asserted patents.

10.     Venue is proper in this District under 28 U.S.C. § 1400(b) because, among other things, Defendant has transacted business in this District and has committed acts of infringement in and has a regular and established place of business in this judicial district.  For example, Subaru conducts its business of the exclusive distribution of new automobiles to the consuming public in this judicial district through its authorized dealers in this judicial district, including selling automobiles, directly and/or indirectly, to and through Douglass Subaru, located at 4717 West Waco Drive, Waco, Texas 76710.  On information and belief, Subaru's new vehicles are available for purchase through its authorized dealers only, such as Douglass Subaru.

11.     The Subaru dealerships in this judicial district are all named with the "Subaru" designation (e.g., Douglass Subaru).  The Subaru dealerships in this judicial district all prominently display Subaru trademarks, including the Subaru logo, with no reservations or disclaimers.  Subaru authorizes its dealers in this judicial district to utilize Subaru's trademarks, trade name, and other intellectual property associated with the distribution and sale of automobiles and provision of related services.

12.     Subaru dealerships in this judicial district are held out to the consuming public as places of Subaru where Subaru, through its dealers, sells Subaru cars.  Subaru's website directs users to enter their zip code so that Subaru can display to the website user Subaru dealers in their area, so that Subaru can identify a franchised dealer in their area and allow the user to visit the website the franchised dealer through direct internet links provided by Subaru, so that the website

users can view inventory and pricing of vehicles available in their area and so that Subaru can schedule a test drive by having Subaru provide customer information to the Subaru dealerships, including dealerships in this judicial district.  Upon input of zip code information from this judicial district, Subaru names and ratifies its dealers in this judicial district, such as Douglas Subaru, as its place of business where:  1) the user of a website may test drive its cars; 2) it assists a website user in scheduling a test drive at a dealer in this judicial district; 3) it collects customer information and provides that information to its dealers in this judicial district; Subaru enables website users to solicit quotes to purchase a vehicle from dealers in this judicial district; and 4) to apply for financing from dealers in this judicial district.

13.     Subaru also conducts business through its authorized dealers in this judicial district by providing new purchase warranties and service pursuant to those warranties to the consuming public.  Subaru further delegates maintenance responsive to vehicle safety recalls to its authorized dealers in this judicial district by informing Subaru owners of the defect and directing Subaru owners to the authorized dealers for repair of the defect.

14.     Subaru also controls the sale of automobiles in this judicial district by, among other items, establishing criteria and certifying vehicles as part of a "Subaru Certified Pre-Owned Vehicles" program.  Subaru directly controls aspects of employees of its authorized dealers by training service technicians.  Subaru also provides direct and indirect financial input into the operations of its authorized dealers in this district by, on information and belief, offering vehicle financing through Subaru Motors Finance, and by offering "floor plan" loans directly to its authorized dealers in this judicial district.  On information and belief, Subaru further conducts business through its control over the sale and/or ownership transfer of its authorized dealers in this judicial district, which includes the right to refuse any transfer of ownership of its authorized

4

dealers, and through its control of specific geographic areas in which its authorized dealers in this judicial district may operate.

## COUNT I – INFRINGEMENT OF THE '081 PATENT

15.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 8,166,081 entitled "System and Method for Advertisement Transmission and Display" (the "'081 patent"), issued on April 24, 2012.  A true and correct copy of the '081 patent is attached hereto as **Exhibit 1**.

17.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '081 patent, including but not limited to claims 9-11 and 23, and continue to do so since the issuance of the '081 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay, and at least one of the following: HD radio, SiriusXM radio, and/or FM radio with RBDS (the "Accused Consoles").

18.     Defendant has had knowledge of the '081 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

19.     Defendant has induced, and continues to induce, infringement of one or more claims of the '081 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

20.     Defendant has also infringed, and continues to infringe, one or more claims of the '081 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use.  Accordingly, Defendant has been, and currently is, contributorily infringing the '081 patent in violation of 35 U.S.C. § 271(c).

21.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '081 patent.  For example, **Appendix A** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '081 patent.

22.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '081 patent pursuant to 35 U.S.C. § 271.

23.     As a result of Defendant's infringement of the '081 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

24.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '081 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II – INFRINGEMENT OF THE '028 PATENT

25.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 8,688,028 entitled "Broadcast Response System" (the "'028 patent"), issued on April 1, 2014.  A true and correct copy of the '028 patent is attached hereto as **Exhibit 2**.

27.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '028 patent, including but not limited to claims 11, 14-16, and 18, and continue to do so since the issuance of the '028 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay with Apple Music streaming services playing live radio such as Beats 1 and/or Apple Music 1 Radio, HD radio, FM radio with RBDS, or SiriusXM radio with iTunes tagging functionality (the "Accused Consoles").

28.     Defendant has had knowledge of the '028 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell,

and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

29.     Defendant has induced, and continues to induce, infringement of one or more claims of the '028 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

30.     Defendant has also infringed, and continues to infringe, one or more claims of the '028 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '028 patent in violation of 35 U.S.C. § 271(c).

31.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '028 patent.  For example, **Appendix B** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '028 patent.

32.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '028 patent pursuant to 35 U.S.C. § 271.

33.     As a result of Defendant's infringement of the '028 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

34.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '028 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III – INFRINGEMENT OF THE '307 PATENT

35.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 8,903,307 entitled "Broadcast Response System" (the "'307 patent"), issued on December 2, 2014.  A true and correct copy of the '307 patent is attached hereto as **Exhibit 3**.

37.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '307 patent, including but not limited to claims 11 and 15-18, and continue to do so since the issuance of the '307 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay with Apple Music streaming services playing live radio such as Beats 1 and/or Apple Music 1 Radio, HD radio, FM radio with RBDS, or SiriusXM radio with iTunes tagging functionality  (the "Accused Consoles").

38.     Defendant has had knowledge of the '307 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or

are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

39.     Defendant has induced, and continues to induce, infringement of one or more claims of the '307 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

40.     Defendant has also infringed, and continues to infringe, one or more claims of the '307 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '307 patent in violation of 35 U.S.C. § 271(c).

41.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '307 patent.  For example, **Appendix C** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '307 patent.

42.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '307 patent pursuant to 35 U.S.C. § 271.

43.     As a result of Defendant's infringement of the '307 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

44.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '307 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV – INFRINGEMENT OF THE '843 PATENT

45.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 9,584,843 entitled "Systems, Methods, and Devices for Scanning Broadcasts" (the "'843 patent"), issued on February 28, 2017.  A true and correct copy of the '843 patent is attached hereto as **Exhibit 4**.

47.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '843 patent, including but not limited to claims 10, 11, 13, and 15, and continue to do so since the issuance of the '843 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay with Apple Music streaming services playing live radio such as Beats 1 and/or Apple Music 1

Radio, HD radio, FM radio with RBDS, or SiriusXM radio with iTunes tagging functionality  (the "Accused Consoles").

48.     Defendant has had knowledge of the '843 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

49.     Defendant has induced, and continues to induce, infringement of one or more claims of the '843 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

50.     Defendant has also infringed, and continues to infringe, one or more claims of the '843 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use.  Accordingly, Defendant has been, and currently is, contributorily infringing the '843 patent in violation of 35 U.S.C. § 271(c).

51.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '028 patent.  For example, **Appendix D** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '843 patent.

52.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '843 patent pursuant to 35 U.S.C. § 271.

53.     As a result of Defendant's infringement of the '843 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

54.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '843 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT V – INFRINGEMENT OF THE '203 PATENT

55.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 8,200,203 entitled "Broadcast Response Method and System" (the "'203 patent"), issued on June 12, 2012.  A true and correct copy of the '203 patent is attached hereto as **Exhibit 5**.

57.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '203 patent, including but not limited to claims 43, 47, 48, 51, 52, 55, 56, and 62, and continue to do so since the issuance of the '203 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle

communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay with Apple Music streaming services playing live radio such as Beats 1 and/or Apple Music 1 Radio, HD radio, FM radio with RBDS, or SiriusXM radio with iTunes tagging functionality  (the "Accused Consoles").

58.     Defendant has had knowledge of the '203 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

59.     Defendant has induced, and continues to induce, infringement of one or more claims of the '203 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

60.     Defendant has also infringed, and continues to infringe, one or more claims of the '203 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '203 patent in violation of 35 U.S.C. § 271(c).

61.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '203 patent.  For example, **Appendix E** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '203 patent.

62.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '203 patent pursuant to 35 U.S.C. § 271.

63.     As a result of Defendant's infringement of the '203 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

64.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '203 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VI – INFRINGEMENT OF THE '806 PATENT

65.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as iffully set forth herein.

66.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 9,294,806 entitled "Systems, Methods, and Devices for Scanning Broadcasts" (the "'806 patent"), issued on March 22, 2016.  A true and correct copy of the '806 patent is attached hereto as **Exhibit 6**.

67.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '806 patent, including but not limited to claims 5-10 and 13, and continue to do so since the issuance of the '806 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay with Apple Music streaming services playing live radio such as Beats 1 and/or Apple Music 1 Radio, HD radio, FM radio with RBDS, or SiriusXM radio with iTunes tagging functionality  (the "Accused Consoles").

68.     Defendant has had knowledge of the '806 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

69.     Defendant has induced, and continues to induce, infringement of one or more claims of the '806 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

70.     Defendant has also infringed, and continues to infringe, one or more claims of the '806 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use.

Accordingly, Defendant has been, and currently is, contributorily infringing the '806 patent in violation of 35 U.S.C. § 271(c).

71.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '806 patent.  For example, **Appendix F** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '806 patent.

72.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '806 patent pursuant to 35 U.S.C. § 271.

73.     As a result of Defendant's infringement of the '806 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

74.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '806 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VII – INFRINGEMENT OF THE '405 PATENT

75.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

76.     Plaintiff is the owner and assignee of all rights, title and interest in and to U.S. Patent No. 9,355,405 entitled "System and Method for Advertisement Transmission and Display" (the "'405 patent"), issued on May 31, 2016.  A true and correct copy of the '405 patent is attached hereto as **Exhibit 7**.

77.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products and services that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '405 patent, including but not limited to claims 12-16, and continue to do so since the issuance of the '405 patent.  By way of illustrative example, these infringing products and services include, without limitation, vehicle communication and entertainment systems with head unit consoles that incorporate or otherwise enable Apple Carplay, and at least one of the following: HD radio, SiriusXM radio, and/or FM radio with RBDS (the "Accused Consoles").

78.    Defendant has had knowledge of the '405 patent from a date no later than the date of the filing of this Complaint.  Defendant has known how the Accused Consoles operate and/or are used and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Consoles within the United States, or importing the Accused Consoles into the United States, would constitute infringement.

79.    Defendant has induced, and continues to induce, infringement of one or more claims of the '405 patent by actively encouraging others (including distributors, dealers, and customers) to use, offer to sell, sell, and import the Accused Consoles.  On information and belief these acts include providing information and instructions supporting sales by others, providing the Accused Consoles to others, and indemnifying patent infringement within the United States.

80.    Defendant has also infringed, and continues to infringe, one or more claims of the '405 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Consoles, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention.  Defendant knows the articles of the Accused Consoles to be especially made or especially adapted for use in infringement of the patent,

not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '405 patent in violation of 35 U.S.C. § 271(c).

81.     The Accused Consoles satisfy all the claim limitations of one or more claims of the '405 patent.  For example, **Appendix G** sets forth in more detail the Accused Consoles and their operation in Subaru vehicles for a representative claim of the '405 patent.

82.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Consoles, Defendant has injured Plaintiff and is liable for infringement of the '405 patent pursuant to 35 U.S.C. § 271.

83.     As a result of Defendant's infringement of the '405 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

84.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '405 patent, and specifically enjoining further manufacture, sale, use, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, StratosAudio prays for the following relief:

a.     a judgment declaring that Defendant infringes any and/or all of the Asserted Patents;

b.     that this Court permanently enjoin Defendant and its officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns,

and all persons acting in concert or privity with any of them, from further infringement of any and/or all of the Asserted Patents;

      c.      an award of damages, enhanced damages, costs, expenses, pre-judgment interest, and post-judgment interest as to infringement of and and/or all of the Asserted Patents;

      d.      an order accounting for damages incurred by Plaintiff and to pay supplemental damages, including without limitation pre-judgment and post-judgment interest;

      e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorney's fees against Defendant; and

      f.      such other relief to which it may be entitled in law or equity and which this Court deems to be just or proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  December 11, 2020         Respectfully submitted,

         /s/ Corby R. Vowell
         FRIEDMAN, SUDER & COOKE
         604 East 4th Street, Suite 200
         Fort Worth, TX 76102
         817-334-0400
         Fax: 817-334-0401
         vowell@fsclaw.com

         WHITE & CASE LLP

         Michael Songer (Pro Hac Vice to be filed)
         701 Thirteenth Street, NW
         Washington DC, 20005
         202.626.3600
         michael.songer@whitecase.com

Charles Larsen (Pro Hac Vice to be filed)
75 State Street
Boston, MA 02109
617.979.9300
charles.larsen@whitecase.com

Ryuk Park (Pro Hac Vice to be filed)
2 Palo Alto Square, 3000 El Camino Real, #900
Palo Alto, CA 94306
650.213.0300
ryuk.park@whitecase.com

**ATTORNEYS FOR PLAINTIFF
STRATOSAUDIO, INC.**