IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STRATOSAUDIO INC., <br> Plaintiff, <br> v. <br> SUBARU OF AMERICA, INC. <br> Defendant. | Case No. 6:20-cv-1128-ADA <br><br> **JURY TRIAL DEMANDED** |
| STRATOSAUDIO INC., <br> Plaintiff, <br> v. <br> VOLVO CAR USA, LLC, <br> Defendant. | Case No. 6:20-cv-1129-ADA <br><br> **JURY TRIAL DEMANDED** |

### REPORT AND RECOMMENDATAION REGARDING VENUE

Before the Court are two motions to dismiss for improper venue filed by Defendants Subaru of America, Inc. ("Subaru") (Case No. 6:20-cv-1128-ADA, Dkt. 75) and Volvo Car USA, LLC ("Volvo") (Case No. 6:20-cv-1129-ADA, Dkt. 81). Both Subaru and Volvo argue that all claims against them should be dismissed or, in the alternative, transferred because venue is improper in this Court. Having considered the Parties' submissions and the relevant authorities, the Court is of the opinion that Defendants' motions should be **DENIED**.

**I. BACKGROUND**

StratosAudio Inc. ("Stratos") filed lawsuits in this District against five automotive companies on December 11, 2020. In each of its complaints, Stratos alleged that the automotive companies conducted business "through [their] authorized dealers in this judicial district." (*See,*

- 1 -

*e.g.,* Case No. 6:20-cv-1128-ADA, Dkt. 1, ¶ 10).  Specifically, Stratos made various allegations about the relationships between the automotive companies and their dealers purporting to show presence and activity in this District, including the dealerships' use of automotive company trademarks and trade names; the automotive companies' references to dealerships on their websites; the offer of manufacturer-backed warranties and warranty services; as well as other facts purporting to show automotive company control over dealership operations.  (*See, e.g., id*. at ¶¶ 10-14).

The defendants in two of the pending cases, Hyundai Motor America ("Hyundai") and Volkswagen Group of America, Inc. ("VW"), brought motions to dismiss or transfer pursuant to 28 U.S.C. §§ 1400(b) and 1406(a) and Fed. R. Civ. P. 12(b)(3), asserting Stratos's venue allegations were deficient.  (*See* Case No. 6:20-cv-01131-ADA, Dkt. 16, filed Feb. 19, 2021; Case No. 6:20-cv-01125-ADA, Dkt. 12, filed Feb. 22, 2021).

Subaru did not file a motion challenging venue under Rule 12(b)(3).  When Subaru filed its answer on February 23, 2021—which was after VW and Hyundai filed their motions to dismiss—Subaru made the following statement regarding venue: "Subaru denies that venue in this District is proper or convenient in this case."  (Case No. 6:20-cv-1128-ADA, Dkt. 10, ¶ 10).

Volvo similarly did not file a motion under Rule 12(b)(3).  When Volvo filed its answer on February 22, 2021—again, after VW and Hyundai had filed their motions to dismiss—Volvo denied it did business in this District, and pled the following affirmative defense: "[t]he venue for this action is improper under 28 U.S.C. § 1391 and should be dismissed or transferred under 28 U.S.C. § 1406."  (Case No. 6:20-cv-1129-ADA, Dkt. 13, p.17).

The Court heard argument on the motions brought by Hyundai and VW and denied them. (*See* Case No. 6:20-cv-01125-ADA, Dkt. 60; Case No. 6:20-cv-01131-ADA, Dkt. 58).

Specifically the Court analyzed the factors the Federal Circuit set forth in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020), and found that the Hyundai and VW dealerships in this District qualified as a "regular and established place of business" of VW and Hyundai under 28 U.S.C. § 1400(b).  Hyundai and VW petitioned for writs of mandamus at the Court of Appeals for the Federal Circuit.

While the VW and Hyundai petitions were pending, the parties engaged in various litigation activities including the exchange of preliminary and final infringement and invalidity contentions, claim construction, written discovery, and depositions.  Subaru and Volvo served amended answers on January 24, 2022 where they repeated, but did not supplement, their general venue denials.  (*See* Case No. 6:20-cv-01128-ADA, Dkt. 66; Case No. 6:20-cv-01129-ADA, Dkt. 69).

On March 9, 2022 the Federal Circuit issued a decision granting the mandamus petitions in the VW and Hyundai cases.  *See In re Volkswagen Grp. of Am.*, 28 F.4th 1203 (Fed. Cir. 2022).  The Federal Circuit found mandamus review was appropriate "given the disagreement among district courts on the recurring issue of whether independent car dealerships are sufficient to establish venue over car distributors." *Id*. at 1207.  Relying on *In re Google*, the Federal Circuit held that the dealerships located in this District "do not constitute regular and established places of business of Volkswagen and Hyundai under § 1400(b) because Stratos has failed to carry its burden to show that the dealerships are agents of Volkswagen or Hyundai under a proper application of established agency law." *Id*. at 1208.

Approximately one month after the Federal Circuit issued its decision in *In re Volkswagen* and over a year after filing their original answers, Subaru and Volvo filed the instant

motions to dismiss.  (Case No. 6:20-cv-1128-ADA, Dkt. 75; Case No. 6:20-cv-1129-ADA, Dkt. 81).

## II. DISCUSSION

### A. Legal Standards

Specific statutes and court orders apply to venue transfer motions. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2012); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017).  If venue is not proper, a defendant may move to dismiss the case or transfer it to a district in which the case could have been originally brought. 28 U.S.C. § 1406(a).  Under the Court's applicable Second Amended Standing Order Regarding Motions for Inter-District Transfer, "[a] motion for inter-district transfer may be filed within eight weeks of the scheduled date for the Markman hearing only with a showing of good cause for any delay and leave of court."

### B. Analysis

Defendants argue that the action should be dismissed for improper venue because they neither "reside" in this District nor have a "regular established place of business" in the Western District of Texas.  (Case No. 6:20-cv-1128-ADA, Dkt. 75; Case No. 6:20-cv-1129-ADA, Dkt. 81).  Defendants argue the facts in their cases are indistinguishable from those present in *In re Volkswagen*, where the Federal Circuit found Hyundai and VW dealerships were not "regular established place[s] of business" of Hyundai and VW.  In response, Plaintiff argues that Defendants waived their defense of improper venue.  (Case No. 6:20-cv-1128-ADA, Dkt. 81 at 3-6).  The Court agrees with Plaintiff.

A defense of improper venue is waivable if not promptly asserted. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979); *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); *Ky. Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 392 (5th Cir. 1977) ("Unlike jurisdiction, venue challenges are waived if not promptly asserted"); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). Further, "[a] defendant may waive [venue] affirmative defenses by actively litigating the suit." *See Koninklijke Philips N.V. v. ASUSTeK Comput. Inc.*, No. 15-1125-GMS, 2017 U.S. Dist. LEXIS 111889, at *7 (D. Del. Jul. 19, 2017) (citing *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997)); *see also InfoGation Corp. v. HTC Corp.*, No. 16-cv-01902-H- JLB, 2017 U.S. Dist. LEXIS 103645, at *6 (S.D. Cal. Jul. 5, 2017) ("merely filing an initial venue objection does not preclude subsequent waiver of the objection.").

Here, Defendants litigated for approximately 16 months prior to bringing these motions. Defendants served contentions, participated in claim construction, participated in discovery, and served expert reports. During claim construction, Subaru and Volvo asked the Court to invalidate certain claims of the asserted patents on various grounds, including 35 U.S.C. §§ 101 and 112. (*See, e.g.,* Case No. 6:20-cv-01128-ADA, Dkt. 65). As other courts have held, seeking such substantive relief "constitutes a tacit admission on the part of the movant that the court has personal jurisdiction, that venue is properly laid there, and that the court should dispose of the case on its merits." *See InfoGation*, 2017 U.S. Dist. LEXIS 103645, at *7.

Perhaps more importantly, Subaru and Volvo filed their answers after VW and Hyundai brought their motions to dismiss, yet neither Subaru nor Volvo referred to those pending motions

or indicated any intent to join in their outcome. Volvo and Subaru filed amended answers on January 24, 2022 where they repeated, but did not supplement, their general venue denials. (*See* Case No. 6:20-cv-01128-ADA, Dkt. 66; Case No. 6:20-cv-01129-ADA, Dkt. 69). At that time, the mandamus petitions were briefed and pending, yet once again Subaru and Volvo chose not to refer to them or incorporate any of their arguments. At the hearing, neither Subaru nor Volvo could point to any discovery responses served in the case where they indicated an intent to join in the arguments being made by the other car company defendants. This Court recently denied leave to seek transfer under similar circumstances, where the moving defendant waited until another defendant obtained mandamus relief before attempting to change venue. *See Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, Case No. 20-cv-00969, 2022 U.S. Dist. LEXIS 15600 (W.D. Tex. Jan. 28, 2022). Here, given their silence in the face of similar venue challenges being raised by VW and Hyundai, and given their active participation in litigation during this same time period, this Court holds that Defendants waived their defenses through their conduct.

The Court rejects Defendants' suggestion that no waiver occurred because there has been an intervening change in controlling law, specifically the Federal Circuit's decision in *In re Volkswagen*. (*See* Case No. 6:20-cv-1128-ADA, Dkt. 75, p.4). It is true that, "[w]hen a defense or objection is futile in the sense that the law bars the district court from adopting it to dismiss, to require the assertion of the defense or objection in an initial motion to dismiss, on pain of waiver, would generally be to require the waste of resources, contrary to Rule 1." *See In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017). Here, however, there was no controlling law on the specific question presented: whether automotive dealerships can serve as the "regular and established place of business" for an automobile company. While Defendants point to a decision from the Eastern District of Texas finding venue appropriate on similar facts, that is persuasive

(not controlling) authority in this District, and the decision had been vacated by the time this lawsuit was filed. *See Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*, 2018 WL 4849345 (E.D. Tex. Sep. 5, 2018), vacated by *Blitzsafe Tex., LLC v. Mitsubishi Elec. Corp.*, 2019 WL 3494359 (E.D. Tex. Aug. 1, 2019). Other districts had reached the opposite conclusion on similar facts. *See, e.g., Omega Pats., LLC v. Bayerische Motoren Weke AG*, 508 F. Supp. 3d 1336 (N.D. Ga. 2020) (finding venue improper); *W. View Rsch., LLC v. BMW of N. Am., LLC*, Case No. 16-cv-2590, 2018 WL 4367378 (S.D. Cal. Feb. 5, 2018) (same). Indeed, the Federal Circuit expressly noted the "disagreement among district courts" when acting on the VW and Hyundai petitions for mandamus. *See In re Volkswagen*, 28 F.4th at 1207. Finally, both this Court and the Federal Circuit analyzed venue issues under the framework of *In re Google*, a decision which issued nearly a year before these cases were filed, as well as "established agency law." In short, it would not have been "futile" for Subaru and Volvo to raise venue challenges in a timely manner, as VW and Hyundai did in their cases.

Defendants also ask the Court to exercise its discretion to excuse their waiver. (*See* Case No. 6:20-cv-01128, Dkt. 82, p.3). The Court declines to do so. If the Court were inclined to ignore Defendants' waiver, it would give Stratos the opportunity to take venue-related discovery. *See, e.g., St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*, No. 2:17-cv-00500-JRG-RSP, 2018 U.S. Dist. LEXIS 230979 (E.D. Tex. Feb. 28, 2018). In these cases, however, fact discovery closed a month ago. (*See* Case No. 6:20-cv-01128, Dkt. 78). Rebuttal expert reports are due on June 20, and trial is set to occur in September. (*Id.*). It is simply too late to reopen discovery to accommodate venue challenges that should have been raised long ago.

### IV. RECOMMENDATION

Because the Court finds that the Defendants have waived their defense of improper venue, Defendants' Motions (Case No. 6:20-cv-1128-ADA, Dkt. 75; Case No. 6:20-cv-1129-ADA, Dkt. 81) should be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of August, 2022

                                     _____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE